# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 3:12-cr-00004-RCJ-VPC-1 |
| vs. | ) | |
| | ) | |
| DANIEL JAMES DRAPER, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Daniel James Draper is a non-Indian accused of killing Linford Dick, an Indian, on the Battle Mountain Indian Colony. (*See* Indictment, Jan. 4, 2012, ECF No. 10). Defendant has been indicted for a single count of first degree murder under 18 U.S.C. § 1111, pursuant to the Indian Country Crimes Act, 18 U.S.C. § 1152. (*See id.*). The United States has declined to seek the death penalty, and the Court has designated the case as complex under the local rules.

Defendant has filed four discovery motions. First, Defendant asks the Court to order the United States to review the personnel files of four FBI special agents and one FBI forensic examiner. A defendant's right to the production of exculpatory evidence in possession of the government, *see Brady v. Maryland*, 373 U.S. 83, 87 (1963), extends to information with impeachment value as to the government's witnesses against a defendant, *see, e.g.*, *Giglio v. United States*, 405 U.S. 150, 154–55 (1972). The government need not turn over to a defendant an officer's entire personnel file, but a court may order a prosecuting agency to review an officer's file and disclose any information therein of impeachment value. *See United States v,*

*Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991). The United States has noted that it does not object. The Court grants the motion.

Second, Defendant asks the Court to order the United States to provide the reasonable notice required under Rule 404(b) of any evidence it intends to introduce at trial thereunder. Under Rule 404(b), evidence of crimes, wrongs, or bad acts apart from the crime to be tried are not admissible except to prove the character of a person in order to show action in conformity therewith, but such evidence may be introduced to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, so long as the United States gives a defendant reasonable notice before trial of the general nature of any such evidence it intends to use at trial. Fed. R. Evid. 404(b). Defendant asks that the information be introduced thirty days before trial. The United States has noted that it does not object but that it has not yet identified any appicable evidence. The Court grants the motion.

Third, Defendant asks the Court to compel the disclosure of thirty-four categories of evidence at least thirty (30) days before trial. The United States has objected, noting that is has complied and will continue to comply with applicable discovery rules and case law. The motion is denied. Discoverable evidence must be disclosed in accordance with Rule 16 and applicable statutes and case law.

Fourth, Defendant asks the Court to order the United States to disclose any evidence it intends to introduce under Rule 404(a)(2). Rule 404(a)(2) permits a Defendant to introduce evidence of a relevant character trait of the alleged victim, allows the United States to introduce contrary evidence in rebuttal, and allows the United States to introduce evidence of the peaceful character of a victim in a homicide case in order to rebut evidence offered by the Defendant to show that the alleged victim was the aggressor. *See* Fed R. Evid. 404(a)(2). The United States has noted that it does not object. The Court denies the motion insofar as Defendant seeks discovery beyond what is already required in accordance with Rule 16 and applicable statutes and

case law. Unlike Rule 404(b), Rule 404(a)(2) does not independently require notice of intent to use such evidence in advance of trial.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Inspect and Produce (ECF No. 32) is GRANTED. The United States shall review the personnel files of FBI Special Agents Sean Jolley, Erron Terry, Glen Booth, and James Bonich, and the personnel file of FBI Forensic Examiner Sandra Koch, for evidence of impeachment value and disclose such information to Defendant at reasonable time before trial. If the United States is in doubt as to the impeachment value of any information in any of the files, it shall submit the relevant file to chambers for *in camera* review. The United States shall conduct a *Henthorn* review and disclose to Defendant any *Giglio* material (and submit the relevant file to chambers if unsure whether a document constitutes *Giglio* material).

IT IS FURTHER ORDERED that the Motion for Notice of Rule 404(b) Evidence (ECF No. 33) is GRANTED. The United States shall disclose to Defendant any Rule 404(b) evidence it intends to use at trial at least thirty (30) days before trial.

IT IS FURTHER ORDERED that the Motion to Compel (ECF No. 34) is DENIED.

IT IS FURTHER ORDERED that the Motion to Compel (ECF No. 35) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge