# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DANIEL JAMES DRAPER, ) <br> ) <br> Defendant. ) <br> _____ ) | 3:12-cr-00004-RCJ-VPC-1 <br><br> **ORDER** |

Defendant Daniel James Draper is a non-Indian accused of murdering Linford Dick, an Indian, on the Battle Mountain Indian Colony. (*See* Superseding Indictment, Nov. 20, 2013, ECF No. 51). Defendant has been indicted for a single count of first degree murder under 18 U.S.C. § 1111, pursuant to the Indian Country Crimes Act, 18 U.S.C. § 1152. (*See id.*). The United States has declined to seek the death penalty, and the Court has designated the case as complex under the local rules. Pending before the Court are a Motion for Judicial Notice (ECF No. 76) and a Motion in Limine (ECF No. 78). For the reasons given herein, the Court grants the motions.

## I. LEGAL STANDARDS

### A. Judicial Notice

"The court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction[] or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2).

**B.     Motions in Limine**

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence.  Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial.  Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Black's Law Dictionary* 1109 (9th ed. 2009).  Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co*., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are preliminary and therefore "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753,

758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

## II. ANALYSIS

### A. Motion for Judicial Notice

The United States has asked the Court to take judicial notice of the facts that the "Fort McDermitt Paiute and Shoshone Tribes of the Fort McDermitt Indian Reservation, Nevada and Oregon" and the "Te-Moak Tribe of Western Shoshone Indians of Nevada (Four constituent bands: Battle Mountain Band; Elko Band; South Fork Band and Wells Band)" are federally recognized Indian tribes. The Court grants the motion.[1][2]

The Court must first examine which federal officer or agency has the authority to recognize Indian tribes on behalf of the United States. As a starting point, Congress has plenary power over the Indian tribes. *See* U.S. Const. art. I, § 8, cl. 3; *Lone Wolf v. Hitchcock*, 187 U.S. 553, 565 (1903). Although the President alone has the power to recognize a foreign nation,

---

[1] The Court grants the motion immediately because the trial is to occur before the response to the motion is due under the local rules. Defendant, however, has the right to be heard on the issue upon request, *see* Fed. R. Evid. 201(e), and the Court will consider the issue again *de novo* upon such a hearing, which will occur outside the presence of the jury during the course of the trial. The present ruling is therefore essentially preliminary. Only if the Court confirms the present ruling *de novo* after Defendant's oral argument will it instruct the jury that it may or may not accept the noticed fact as conclusive. *See* Fed. R. Evid. 201(f). The same is true of the Court's ruling on the present motion in limine, which is by its nature preliminary.

[2] The Court does not grant the motion based upon the United States' exhibit consisting of a copy of a notice by the Bureau of Indian Affairs in the Federal Register, but because it has independently confirmed the existence of the notice from a source that cannot reasonably be questioned, i.e., the website of the government agency that has been delegated the ability to recognize tribes by Congress.

because the Indian tribes are dependent domestic nations, the regulation of commerce with whom the Constitution grants explicitly to Congress, "Congress has the power, both directly and by delegation to the President, to establish the criteria for recognizing a tribe." *See Miami Nation of Indians of Ind., Inc. v. U.S. Dept. of the Interior*, 255 F.3d 342, 345 (7th Cir. 2001) (Posner, J.). Congress has delegated the power of recognition to the Executive Branch. *See* 25 U.S.C. § 2 ("The Commissioner of Indian Affairs shall, under the direction of the Secretary of the Interior, and agreeably to such regulations as the President may prescribe, have the management of all Indian affairs and of all matters arising out of Indian relations."). Under this broadly worded statute,[3] the Commissioner of Indian Affairs, via the Bureau of Indian Affairs ("BIA"), has promulgated a set of regulations governing the recognition of Indian tribes. *See* 25 C.F.R. §§ 83.1–83.13. The BIA recently published a notice in the Federal Register, which is available on an official government website, indicating that the two tribes the United States identifies in its motion are indeed federally recognized. *See* Indian Entities Recognized and Eligible to Receive Services From the Bureau of Indian Affairs, 77 Fed. Reg. 47868 (Aug. 10, 2012), *available at* https://www.federalregister.gov/articles/2012/08/10/2012-19588/indian-entities-recognized-and-eligible-to-receive-services-from-the-bureau-of-indian-affairs. The Court therefore judicially notices these facts.

### B. Motion in Limine

The United States asks the Court to exclude eight pieces of evidence identified by Defendant in his exhibit list. First, the United States asks the Court to exclude Defendant's Exhibit No. 509, a Lander County Sheriff's Department ("LCSD") arrest report indicating that the victim was arrested for disturbing the peace on May 30, 2004. The United States notes first that there is no indication Draper has any first-hand knowledge of the incident. This, however, is

---

[3] Judge Posner has noted that the delegation was made "without setting forth any criteria to guide the exercise of that power." *See Miami Nation of Indians*, 255 F.3d at 345.

a matter of authentication for trial.  Next, the United States argues that the incident is not relevant to any charges or defenses.  The Court rejects this argument.  The United States must show beyond a reasonable doubt that Defendant did not act in self defense.  Evidence concerning the character of a victim for violence is generally admissible by an accused where self defense is an issue, *see* Fed. R. Evid. 404(a)(2)(B), and evidence that a victim was a violent person would have a tendency to make it less likely that a defendant did not act in self defense, which is an element of the charge of murder. *See* Fed. R. Evid. 401.  Still, the form of evidence proffered is inadmissible under Rule 405.  That rule permits only opinion and reputation evidence in most cases, limiting evidence of specific incidences of conduct to cases where the character trait at issue is an essential element of a claim or defense. *See* Fed. R. Evid. 405(a)–(b).  The violent or peaceful character of a victim is not an essential element of a murder charge or a self defense theory.  The Court therefore grants the motion as to this piece of evidence under Rule 405 and need not address the United States' additional argument under Rule 403.

Second through seventh, the United States asks the Court to exclude Defendant's Exhibits Nos. 510–515, which consist of LCSD reports indicating that the victim was arrested for various crimes or complaints between 2005 and 2007, years before the incident at issue.  The Court grants the motion to exclude this evidence under Rule 405 for the reasons given, *supra*.

Eighth, the United States asks the Court to exclude Defendant's Exhibit No. 516, a LCSD arrest report from April 23, 2010 indicating that "some guy just came into the house and started to fight."  Although this report might be relevant as circumstantial evidence of self-defense had the incident referred to in the report occurred at the home of the victim on December 20, 2011, the date of the alleged murder noted in the Superseding Indictment, the remoteness of the incident from the alleged murder makes the report valuable only as character evidence, which is inadmissible as a specific incidence of conduct under Rule 405.

Finally, the Court notes that Defendant will be able to adduce reputation and opinion

evidence of the victim's character for violence under Rules 404(a)(2)(B) and 405(a), and that any of the above evidence may ultimately be admissible if Defendant can show that it is relevant to self defense; for example, if it indicates an intent or motive of the victim to harm Defendant. At the present time however, the Court grants the motion.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Judicial Notice (ECF No. 76) is GRANTED.

IT IS FURTHER ORDERED that the Motion in Limine (ECF No. 78) is GRANTED.

IT IS SO ORDERED.

Dated this 9th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge