**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:12-cr-00004-RCJ-VPC-1 |
| vs. ) | |
| ) | |
| DANIEL JAMES DRAPER, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Daniel James Draper is a non-Indian accused of murdering Linford Dick, an Indian, on the Battle Mountain Indian Colony. (*See* Superseding Indictment, Nov. 20, 2013, ECF No. 51). Defendant has been indicted for a single count of first degree murder under 18 U.S.C. § 1111, pursuant to the Indian Country Crimes Act, 18 U.S.C. § 1152. (*See id.*). The United States has declined to seek the death penalty, and the Court has designated the case as complex under the local rules.

The Court recently granted the United States' motion for judicial notice and its motion in limine to exclude several police reports concerning prior violent conduct by the alleged victim. As to the latter motion, the Court noted that specific incidences of conduct were admissible to prove character under Rule 405 only where the character trait at issue was an essential element of a claim or defense, which was not the case here. Defendant has asked the Court to reconsider, arguing that certain comments noted in the preliminarily excluded police reports could indicate an intent by the alleged victim to kill the Defendant, such that the evidence is admissible under Rule 404(b).

The Court declines to reconsider. First, as to Defendant's argument that the entry of the order before his response was due could constitute a violation of due process, the Court disagrees, because the order was not final but only a preliminary ruling given to the parties as early as possible for their convenience:

> The Court grants the motion immediately because the trial is to occur before the response to the motion is due under the local rules. Defendant, however, has the right to be heard on the [judicial notice] issue upon request, *see* Fed. R. Evid. 201(e), and the Court will consider the issue again *de novo* upon such a hearing, which will occur outside the presence of the jury during the course of the trial. The present ruling is therefore essentially preliminary. Only if the Court confirms the present ruling *de novo* after Defendant's oral argument will it instruct the jury that it may or may not accept the noticed fact as conclusive. *See* Fed. R. Evid. 201(f). *The same is true of the Court's ruling on the present motion in limine, which is by its nature preliminary*.

(Order 3 n.1, Jan. 9, 2014, ECF No. 81 (final emphasis added)). The Court therefore interprets the present written motion as a request by Defendant to be heard immediately by motion rather than wait until a recess during trial to argue the issue orally.

Second, although the Court has noted that it may indeed reconsider under appropriate circumstances, the Court is not yet in a position to reconsider. The Court issued only a preliminary ruling—again, such is the nature of *in limine* rulings—and the Court made this crystal clear in the order. Indeed, the Court specifically noted, although it did not cite Rule 404(b) by number, that Defendant would be able to admit the excluded evidence if he could show it was admissible as evidence of the alleged victim's intent or motive in a way relevant to the charges:

> [T]he Court notes that Defendant will be able to adduce reputation and opinion evidence of the victim's character for violence under Rules 404(a)(2)(B) and 405(a), *and that any of the above evidence may ultimately be admissible if Defendant can show that it is relevant to self defense; for example, if it indicates an intent or motive of the victim to harm Defendant*. At the present time however, the Court grants the motion.

(*Id.* 5:25–6:4 (emphasis added)). So long as there are no hearsay issues—i.e., assuming that the victim's alleged statements are offered simply to show that threats were made and not to prove

the truth of any factual claims, and assuming the reports themselves fall within some hearsay exception—the Court will consider anew whether the evidence should be admitted in the full context of trial. Evidence of the alleged victim's motive or intent to kill Defendant, including specific incidences of conduct as permitted under Rule 404(b)(2), is clearly relevant to the charge of murder and will be admissible (assuming no hearsay or other admissibility issues). But the Court yet has no basis to reconsider its preliminary rulings.

The Court notes that the controlling case cited by Defendant in the present motion stands for the proposition that a defendant's knowledge of past violent acts by the defendant's alleged victim are necessarily relevant to self defense because it is relevant to the defendant's state of mind, and that direct evidence of the violent acts are then admissible to corroborate the defendant's claimed fears, lest the jury think the defendant is fabricating having heard the stories. *See United States v. James*, 169 F.3d 1210, 1214 (9th Cir. 1999). If Draper testifies as to his fear of the alleged victim based upon having witnessed or heard stories of the alleged victim's violent acts or threats against him and then seeks to admit the reports as corroboration, the Court may reconsider. Again, the Court must wait until the full context of trial to issue any final ruling.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 82) is DENIED.

IT IS SO ORDERED.

Dated this 10th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge